H. A. KOBLER v. ED HEINS.
JOHN MEHLHOUSE, INTERVENER.[1]

June 2, 1933.

No. 29,461.

*George F. Gage* and *Daly & Barnard,* for appellant.
*A. C. Dolliff,* for defendant Ed Heins.
*Lauerman & Pfeiffer,* for respondent.

*HILTON, Justice.*

Intervener Mehlhouse appeals from a judgment in favor of plaintiff.

George Mehlhouse and Ed Heins were copartners doing business under the firm name and style of Mehlhouse & Heins at Olivia, Minnesota, and were engaged in the general automobile business and in buying, owning, and selling farm lands. On July 9, 1930, the copartnership was dissolved by the death of George Mehlhouse. John Mehlhouse was appointed and qualified as administrator of the George Mehlhouse estate. On or about July 29, 1930, Heins, the surviving partner of the dissolved partnership (which was insolvent), his wife joining with him, transferred and conveyed by a trust deed or agreement, for a valuable consideration, all the partnership property to P. J. Fitschen, in trust as hereinafter stated. The trust deed was recorded in the office of the register of deeds in the proper county on September 23, 1930.

[1]Reported in 248 N. W. 698.

There were three parties to the trust agreement, Heins and his wife, parties of the first part, Fitschen as trustee, party of the second part, and certain (38) individuals, copartnerships, and corporations, creditors of the partnership, as parties of the third part. The agreement provided for the sale of the partnership property by the trustee. It also provided that it should not be binding and effective until creditors representing at least 60 per cent of the amount of the unsecured indebtedness of the copartnership had signed it, and further that if upon a distribution of the net proceeds derived from the sale of the property the same should not be sufficient to pay the claims of each third party in full, each should release, discharge, and absolve the parties of the first part from all indebtedness to them or either of them then due and owing from the copartnership. On July 25, 1932, appellant Mehlhouse succeeded Fitschen as trustee.

Respondent Kobler, who was one of the creditors of the copartnership and who did not become a party of the third part in the trust agreement, instituted an action in which, on January 20, 1931, he obtained and docketed a judgment for $3,187.89 against Heins individually and as the surviving partner of the former copartnership. On the same day an execution was issued under that judgment and a levy made upon certain of the copartnership real estate described in the trust deed. Prior to the bringing of that action, Fitschen, as trustee, had, in conjunction with administrator Mehlhouse, entered into a contract for a deed to the land to one William Kubesh. Because of the levy the completion of the sale was prevented. On January 22, 1931, Kobler instituted garnishment proceedings to hold the money owing by Kubesh under his contract for deed; trustee Fitschen was also made a party thereto. In order that the sale contract might be consummated and the proceeds thereof made available for whoever might be entitled thereto, it was stipulated by the parties that the money be paid by Kubesh to a designated bank to be held by it pending the determination of this action.

The parties hereto entered into a stipulation of facts under which the trial court was authorized to render a decision on the question

as to whether plaintiff's claim was superior and prior to the claim of the trustee; the answer to that question would depend upon the validity of the trust deed. At the request of the court pleadings were interposed. The stipulation recites the salient facts. In paragraph four thereof the trust deed was referred to and recited as being one in which the partnership property was conveyed to Fitschen as trustee "for the use and benefit of all the creditors of the said partnership firm." This was an incorrect statement of what the trust deed provided, for by its terms it was only for the benefit of such creditors as executed the same and who consented to a release and discharge of such part of their indebtedness as was not paid them from the net proceeds derived from the sale of the property described in the trust agreement. By paragraph five of the stipulation the trust deed was made a part thereof to the same extent as though it had been set forth verbatim therein.

The trial court made findings of fact in conformity with the record and as a conclusion of law found the trust deed to be fraudulent and void and that the garnishee, P. J. Fitschen, be adjudged to hold all property received by him under the trust deed, and the proceeds of any part thereof which he may have sold or disposed of, in trust for the benefit of plaintiff, and that Ed Heins, individually and as surviving partner of the copartnership, is the owner of the property described in the trust deed and the proceeds from the sale of any portion thereof, and holds the same free and clear of any claim or lien on account of the trust deed, and ordered judgment for plaintiff. From the judgment entered January 19, 1933, pursuant to that order, this appeal was taken.

An assignment in favor of only those creditors who will file releases is void. A common law assignment for the benefit of creditors which requires a release of the debtor in consideration of the right to participate in the proceeds of the trust is invalid as to creditors not assenting to the same. A creditor who does not assent to such an assignment may attack it in any appropriate proceeding and is not required to resort to bankruptcy or insolvency proceedings. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 614, and cases cited.

216

Appellant's contention is that it was intended by the stipulation to change the effect and terms of the trust deed and make it a valid assignment for the benefit of all the creditors of the copartnership. A reading of the entire stipulation does not warrant such a claim. The court had before it the trust deed; its validity was involved. In brief and oral argument appellant frankly stated that he "has not attempted to sustain the trust deed as it originally existed but as interpreted by the parties and agreed upon through the terms of the stipulation." The interpretation as to the legal effect of the trust deed was not for determination by the parties to the action or their attorneys. It was a question of law and as such was for the court. The conclusion it reached was a correct one.

Judgment affirmed.